UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NORTHWEST ARKANSAS CONSERVATION
AUTHORITY                                                         PLAINTIFF

v.                               No. 5:20-cv-05077

CROSSLAND HEAVY CONTRACTORS,
INC.                                                              DEFENDANT

<u>**OPINION AND ORDER**</u>

Before the Court is dismissed Defendant Fidelity & Deposit Co. of Maryland's ("Fidelity")
motion for attorney's fees (Doc. 34).   Plaintiff Northwest Arkansas Conservation Authority
("NACA") has not yet filed a response, but none is necessary.  Fidelity's motion will be denied.

Fidelity's motion is based on ARK. CODE ANN. § 16-22-308 which states "[i]n any civil
action to recover on a[] . . . breach of contract, unless otherwise provided by law or the contract
which is the subject matter of the action, the prevailing party may be allowed a reasonable
attorney's fee."   An award of attorney's fees under this statute is discretionary.   *Marcum v.
Wengert*, 40 S.W.3d 230, 235 (Ark. 2001) ("The decision to award attorney's fees and the amount
to award are discretionary determinations that will be reversed only if the appellant can
demonstrate that the trial court abused its discretion.").  Fidelity's argument appears to be that "it
is entitled to attorneys' fees because it prevailed and because it believed that [the plaintiff] should
never have brought the lawsuit, an opinion held by most prevailing parties." *Angelo Iafrate Const.,
LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 723 (8th Cir. 2004).  Although Plaintiff's claim
against Fidelity was unsuccessful, the claim "had some merit and [was] pursued in good faith."
*May v. BHP Billiton Petroleum (Fayetteville), LLC*, No. 4:13-CV-494-DPM, 2016 WL 4392806,
at *2 (E.D. Ark. Aug. 15, 2016) (denying motion for attorney's fees brought under ARK. CODE

ANN. § 16-22-308).  Additionally, Plaintiff's own litigation expenses are "a sufficient deterrent against future lawsuits."  *Id.*  After weighing these factors, an award of attorney's fees is not warranted.

IT IS THEREFORE ORDERED that Fidelity's motion for attorney's fees (Doc. 34) is DENIED.

IT IS SO ORDERED this 17th day of December, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE